NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10503 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-01824-CKJ-BGM-1 |
| v. | |
| JORGE LUIS AGUERO-CARLOS, AKA Jorge Rosas-Ayueros, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 13, 2016**
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

After representing himself at trial, Jorge Luis Aguero-Carlos was convicted of illegal reentry in violation of 8 U.S.C. § 1326(a). On appeal, Aguero challenges the validity of his waiver of the right to counsel and the district court's excusing a potential juror for cause. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Aguero argues that his waiver of counsel was invalid because the magistrate judge conducting the *Faretta* colloquy failed to explain adequately the sentence enhancement sought in the indictment under 8 U.S.C. § 1326(b)(1). The record, however, supports the magistrate judge's determination that Aguero was informed of, and understood the charges against him, including the enhancement. The judge did not err in concluding that Aguero's waiver of the right to counsel was knowing and voluntary. *See United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004).

2. Aguero also argues that it was an abuse of discretion for the trial court to remove a potential juror for cause. But Aguero does not challenge the impartiality of the jury that was ultimately impaneled. *See United States v. Padilla-Mendoza*, 157 F.3d 730, 733–34 (9th Cir. 1998) ("The core question here is whether defendant's constitutional right to an impartial jury has been violated."). Moreover, because the juror twice stated that he would find it difficult to be fair, the trial court did not abuse its discretion in dismissing him. *See Merced v. McGrath*, 426 F.3d 1076, 1081–82 (9th Cir. 2005).

**AFFIRMED.**